UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHRYN VOTH | CIVIL ACTION |
| VERSUS | NO. 07-4393 |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | SECTION "K"(2) |

**ORDER AND OPINION**

Before the Court is a "Motion to Strike the Report and Testimony of Louis A. Velez" filed on behalf of defendant State Farm Fire and Casualty Company ("State Farm") (Doc. 27). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

BACKGROUND

Kathryn Voth owned a home at 7201 Patricia Street in Arabi, Louisiana. The house, which was supported by masonry piers about 3 feet above grade, sustained damage rendering it a total loss as a result of Hurricane Katrina. The house floated off of its pier foundation, traveled across the yard, and stopped when it hit a tree. The house has been demolished.

On August 29, 2005, State Farm entities provided both flood insurance and homeowner's insurance on the property. Following the hurricane, Ms. Voth filed claims with State Farm under both policies. Under the flood policy, State Farm paid Ms. Voth the coverage limits, i.e., $40,000.00 dwelling damages and $27,500.00 for personal property. Under the homeowner's policy, State Farm paid Ms. Voth $12,306.57 for dwelling damages, $500.00 for contents damages, and $1,471.25 for prohibited use. State Farm denied the remainder of Ms. Voth's claim

under the homeowner's policy on the basis that any remaining damage for which recovery was sought had resulted from flood, an excluded peril under the homeowner's policy.

Thereafter Ms. Voth filed suit against State Farm seeking to recover the policy limits under her homeowner's policy as well as statutory penalties, interest and attorney' fees pursuant to La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220 for State Farm's failure to timely initiate adjustment of her claim and State Farm's arbitrary and capricious failure to timely pay the amounts due under the homeowner's policy.

Plaintiff's counsel retained Louis Velez, a general contractor, as an expert to provide an estimate of the cost to rebuild plaintiff's house to its condition prior to Hurricane Katrina. The Court established November 12, 2008, as the deadline for plaintiff to provide defendant with her expert reports. Prior to that deadline, plaintiff provided State Farm with a letter from Mr. Velez stating his estimate of the total cost of reconstructing Ms. Voth's home and the amount of the contractor overhead and profit. The letter did not include any line items for the individual costs of the reconstruction. On December 5, 2008, approximately 3 weeks after the deadline for exchanging expert reports, Mr. Velez provided plaintiff's counsel with a line item listing of the individual costs to reconstruct plaintiff's home which plaintiff's counsel then provided to counsel for State Farm. State Farm deposed Mr. Velez on January 20, 2009.

State Farm seeks to exclude Mr. Velez's report and testimony on several grounds: 1) the December report is untimely; 2) Mr. Velez is not qualified to render an opinion concerning the cause of plaintiff's damages; 3) Mr. Velez's opinions are irrelevant to the issues and will not assist the trier of fact; and 4) Mr. Velez's methodology is suspect.

LAW AND ANALYSIS

A. Timeliness

It is undisputed that plaintiff timely provided State Farm with a copy of the letter in which Mr. Velez offered his opinion as to the total cost of reconstructing Ms. Voth's home. Arguably the December 5, 2008, line item estimate supplements Mr. Velez's timely filed report. However, it is unnecessary to determine whether the December 5, 2008, report constitutes a supplement to the timely filed report or whether it is a new report because State Farm has failed to establish that it is prejudiced by the December 5, 2008, report.

Prior to receiving the December 5, 2008, report State Farm had retained its own expert on the subject of reconstruction costs. Although defendant urges that it has been prejudiced "in not having had the estimate for use by defense experts prior to this date," State Farm does not suggest that its experts cannot now effectively use the report. Moreover, State Farm had the opportunity to fully depose Mr. Velez concerning both reports on January 20, 2009. Even assuming *arguendo* that the December 5, 2008, report is not a "supplement" to Mr. Velez's original report, the late delivery of the December 5, 2008, report does not warrant the exclusion of that report or the testimony of Mr. Velez.

B. *Daubert* Standard

"Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence. " *Hidden Oaks Limited v. City of Austin*, 138 F. 3d 1036, 1050 (5th Cir. 1998). Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts

or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The rule reflects the Supreme Court's decisions in *Daubert*, 509 U.S. 579, 113 S. Ct. 2786 (1993) and *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999). *Daubert* charges trial courts to act as "gate-keepers" to ensure that the proffered expert testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589, 592-93, 113 S. Ct. at 2795, 2796. The relevant and reliable standard announced in *Daubert* for scientific expert testimony applies to all types of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. at 147, 119 S. Ct. at 1171.

*Daubert* provides a two-prong test for determining the admissibility of expert testimony. The court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592, 113 S. Ct. at 2796. Both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595, 113 S. Ct. at 2796. This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.*

Thus, the first prong of *Daubert* focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595, 113 S. Ct. at 2797, 125 L.Ed.2d at 484. The second prong, i.e., whether the proposed testimony will assist the trier of fact to understand or determine a fact in issue, goes primarily to the issue of relevancy. *Daubert*, 509 at 591. Indeed, this examination is described in *Daubert* as whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving

4

a factual dispute. *Id., citing United States v. Downing,* 753 F.2d 1224, 1242 (3rd Cir. 1985). Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998). To meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required. *Id.* Nonetheless, as Judge Vance stated in *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981 at *3 (E.D. La. October 24, 2003):

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. *See Daubert*, 509 U.S. at 596. As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Rock v. Arkansas,* 483 U.S. 44, 61, 107 S. Ct. 2704, 97 L.Ed.2d 37 (1987)). The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to "'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'" *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.* 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

C. Qualifications

Louis Velez submitted an affidavit stating:

- he has worked as a licensed general contractor for 43 years in the New Orleans metropolitan area including St. Bernard Parish, where Ms. Voth's home was located;
- he has "worked as a general contractor building immovable structures throughout southeast Louisiana for more than . .

5

- . 48 years[]";
- prior to Hurricane Katrina he "performed demolition, construction, repair and/or renovation on hundreds, if not thousands, [of] commercial and residential structures throughout the New Orleans metropolitan area";
- he was involved in the renovation of 35 buildings in the French Quarter and "almost every commercial building in downtown New Orleans"; and
- following Katrina he has worked as the general contractor on numerous rebuild/repair projects including the repairing/rebuilding of the Law Offices of Herman, Herman, Katz and Cotlar.

Doc. 33-3. Additionally, the affidavit states that Mr. Velez has as testified as an expert in state and federal courts both pre and post Katrina in the field of residential construction and the cost to build and/or repair residential immovable property. Mr. Velez further stated that no state or federal court has ever rejected him as an expert in residential construction when offering testimony about the cost of replacing and/or repairing residential or commercial immovable property. Doc. 33-3.

Defendant challenges Mr. Velez's qualifications asserting that he has as built relatively few new single family residences in his career and has never built a ranch style house with a raised foundation - the type of home Mrs. Voth owned. Those facts are not sufficient to disqualify Mr. Velez as an expert witness with respect to the cost of reconstructing a house, the only field of expertise that plaintiff has stated she intends to offer him as an expert.[1] In attacking Mr. Velez's credentials, defendant relies in part on the fact that Mr. Velez had in his file an estimate from Anthony Larroquette of DEATS Construction for the construction of a single family 1,300 sq. ft. home. Mr. Velez testified at his deposition that he asked Mr. Larroquette to put together such an

---

[1] Because plaintiff has stated that she does not intend to offer Mr. Velez as an expert with respect to causation of damages, the Court need not address State Farm's contentions that Mr. Velez is not qualified to offer expert testimony as to causation.

6

estimate to see if his own estimate "was in the ballpark." Contrary to defendant's contention, "double checking" an estimate is not an admission of lack of expertise. Mr. Velez is qualified to testify as an expert in the restricted field in which he is offered, i.e., "residential construction regarding the cost of repairing the damage Hurricane Katrina caused Ms. Voth's home." Doc. 33, p. 4.

D. Methodology

State Farm also seeks to exclude Mr. Velez's testimony asserting that his methodology is unreliable and will not assist the trier of fact. Specifically State Farm urges that because Mr. Velez did not speak to Ms. Voth, did not have a set of plans for the house, and made no effort to learn of the type of flooring, interior finishes, light fixtures, or material quality that she had in her home, his estimate of reconstruction costs is a guess based on mere speculation and is therefore unreliable. Plaintiff has represented that Mr. Velez spoke with Ms. Voth to verify the square footage and number of rooms in the house, and that he reviewed State Farm's replacement cost estimate, State Farm's summary of wind damage, and numerous photographs of the home prior to its demolition. Plaintiff also points out that in developing his estimate, Mr. Velez consulted various cost guides published by the National Home Builders Association immediately after Hurricane Katrina to validate the cost amounts used in his estimate.

Although Mr. Velez did not prepare his estimate by pricing every item of material, labor, and overhead necessary for reconstructing plaintiff's home, his opinion is nonetheless reliable for purposes of *Daubert*. Mr. Velez's opinion is based on his discussion with Ms. Voth, review of State Farm's estimate which provides details of the reconstruction, and his considerable experience in construction. " Considering Mr. Velez's experience in construction, estimating the cost of

7

reconstruction of a single family dwelling, even one of a style which he had not previously constructed, would not be difficult.  Mr. Velez's testimony is sufficiently reliable to warrant presentation to the jury, where it will undoubtedly be challenged through vigorous cross-examination and State Farm's presentation of contrary evidence.  Ultimately, the jury will assess Mr. Velez's  testimony and determine the weight, if any, to accord his opinion.

E.  Relevance

Mr. Velez's testimony will  assist the trier of fact to determine the cost of reconstruction if such a decision is necessary even though he is not being offered as an expert in causation of the damages to Ms. Velez's house.  If the jury concludes, relying on other witnesses and evidence, that plaintiff's home sustained damage from wind and wind-driven rain, Mr. Velez's line item estimate can be parsed to determine the damages plaintiff is entitled to recover from State Farm in its capacity as her homeowner's insurer.  Accordingly,

**IT IS ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, this 16th day of February, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE