EASTERN DISTRICT OF LOUISIANA

| KATHRYN VOTH | CIVIL ACTION |
|---|---|
| VERSUS | NO. 07-4393 |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | SECTION "K"(2) |

**ORDER AND OPINION**

Before the Court is a "Motion for Partial Summary Judgment to Limit Damages Based Upon Prior Flood Payments" filed on behalf of defendant State Farm Fire and Casualty Company ("State Farm") (Doc. 24). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **GRANTS** the motion in part.

BACKGROUND

Kathryn Voth owned a home at 7201 Patricia Street in Arabi, Louisiana. The house, which was supported by masonry piers about 3 feet above grade, sustained damage rendering it a total loss as a result of Hurricane Katrina. The house floated off of its pier foundation, traveled across the yard, and stopped when it hit a tree. The house has been demolished.

On August 29, 2005, State Farm entities provided both flood insurance and homeowner's insurance on the property. Following the hurricane, Ms. Voth filed claims with State Farm under both policies. Under the flood policy, State Farm paid Ms. Voth the coverage limits, i.e., $40,000.00 for dwelling damages and $27,500.00 for damage to personal property. Under the homeowner's policy, State Farm paid Ms. Voth $12,306.57 for dwelling damages, $500.00 for contents damages, and $1,471.25 for prohibited use. State Farm denied the remainder of Ms. Voth's claim under the homeowner's policy on the basis that the damages for which recovery was

sought resulted from flood, an excluded peril under the homeowner's policy.

Thereafter Ms. Voth filed suit against State Farm seeking to recover the policy limits under her homeowner's policy as well as statutory penalties, interest and attorneys fees pursuant to La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220 for failure to timely initiate adjustment of her claim and for arbitrary and capricious failure to timely pay the amounts due under the homeowner's policy.

SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Mere allegations or denials in the non-movant's pleadings are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e)(2). The nonmoving party must come forward with "specific facts showing a genuine issue for trial." *Id.*

Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 588 (1986). Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

LAW AND ANALYSIS

State Farm seeks an order that it is entitled to a credit or offset for the amounts previously paid to plaintiff under her flood and homeowners policies contending that plaintiff is not entitled to recover any damages for losses for which she has previously been compensated. State Farm also asserts that Ms. Voth is prohibited from recovering any amount which, when combined with the previous payments made to her, would exceed the total value of her insured property.

Insurance contracts are contracts of indemnity. Therefore, an insured is barred from recovering twice for the same loss. *See, e.g. Lambert v. State Farm Fire and Casualty Company*, 2008 WL 2185419, at *2 (E.D. La. May 20, 2008)(Africk, J.); *Wellmeyer v. Allstate Insurance Company*, 2007 WL 1235042, at *2 (E.D. La. April 26, 2007)(Feldman, J.); *Weiss v. Allstate Insurance Company*, 2007 891869, at *3 (E.D. La. Mar. 21, 2007)(Vance, J.); *Cole v. Celotex Corp.*, 599 So.2d 1058, 1080 (La. 1992). However, "a plaintiff whose property sustains damage from flood *and wind* can clearly recover for his segregable wind and flood damages *except to the extent that he seeks to recover twice for the same loss.*" *Esposito v. Allstate Insurance Company*, 2007 WL 1125761, at *2 (E.D. LA. April 16, 2007)(Zainey, J.), *citing Weiss v. Allstate Insurance Company*, 2007 WL 891869, at *2. Therefore, plaintiff is entitled to recover "any *previously uncompensated* losses that are covered by the homeowner's policy *and when combined with [her] flood proceeds do not exceed the value of the property.*" *Id.*

State Farm urges that plaintiff is barred from now claiming that the damages which she received under the flood policy were in fact caused by the wind.[1] It is undisputed that Ms. Voth made a claim under her flood insurance policy, that State Farm made payment under that policy for $40,000.00 for damages to the dwelling and $27,000.00 for damages to personal property, and that Ms. Voth accepted and retained the damages paid to her under her flood insurance policy.

Although Ms. Voth did not act affirmatively to persuade State Farm to pay her the limits of her coverage under her flood policy, she nonetheless accepted proceeds under the flood policy. State Farm's October 10, 2005, letter tendering the flood insurance coverage limits clearly indicates that the payments made to Ms. Voth represented settlement of her claims "under [her] flood policy." (Doc. 24-7, pg. 3). By accepting and retaining the proceeds paid under her flood policy, Ms. Voth "tacitly confirmed that the damages identified were caused by flood." *See Mui v. State Farm Fire & Casualty Company,* Civil Action No. 06-8238, (ECF) Rec. Doc. No. 29, pp. 3-4 (E.D. La. July 27, 2007)(Zainey, J.); *see also Lambert v. State Farm*, 2008 WL 2185419 at *4. Plaintiff cannot now deny that she sustained flood damages in that amount. Her acceptance and retention of the proceeds under the flood policy is evidence that her property sustained flood damage in the amount paid to her under her flood insurance. *See Gaffney v. State Farm fire and Casualty Company*, 2008 WL 941717, *4 (E.D. La. April 7, 2008)(Vance, J.) (" plaintiffs cannot have it both ways, i.e., treating the loss as caused totally by wind when they litigate the homeowner's policy, but accepting

---

[1] State Farm's assertion that plaintiff is now attempting to classify as wind damages certain damages previously attributed to flood is apparently based, at least in part, on plaintiff's response to State Farm Interrogatory No. 3, in which plaintiff stated that the damage to the roof and windows of her house "allow[ed] rain water to pour into plaintiff's before any flood water" and that "the gaping multiple holes to the exterior of plaintiff's home allowed rain water to destroy all of the contents of plaintiff's home." (Doc. 24-2, Exhibit 7).

4

their flood limits as though the loss were caused by flood under the policy."

Plaintiff urges that if State Farm is permitted to offset from any future award for wind damage, the amount previously paid by it in its capacity as the flood insurer, that State Farm "arguably gains a *de facto* finding that some amounts owed under Coverage A (structure) were timely paid even though nothing could be further from the truth" which will undermine La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220. Doc. 32-3, p. 4. The Court disagrees. Plaintiff's claims against State Farm for penalties pursuant to La. Rev. Stat. 22:658 and La. Rev. State. 22:1220 for failing to make timely payments under the homeowner's policy will be determined based on State Farm's actions with respect to the homeowner's policy, not payments made by the flood insurer.

Plaintiff also asserts that because her homeowner's policy is admittedly a valued policy that the general principles of indemnity do not provide a basis for a flood offset. A total loss resulting from a non-covered peril does not trigger the valued policy law. *Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232, 239 (5th Cir. 2007). Ms. Voth admits in her complaint that her "property was significantly damaged by the wind, rain, and ground water inundation due to levee breeches and rendered a total loss." Thus, plaintiff by her own admission concedes that flood, a non-covered peril, caused damage to her house. Therefore, the VPL, which applies "if the property is rendered a total loss from a covered peril" cannot apply. Moreover, plaintiff by accepting payment from her flood insurer, "cannot now claim that the loss to [her] property was caused solely by wind, thereby triggering Louisiana's VPL." *Webster v. State Farm Fire & Casualty Insurance Co.*, 2008 WL 2080907 at *3 (E.D. La. May 14, 2008((Africk, J.). Even if Ms. Voth is not contending that her property was damaged solely by wind, the *Webster* ruling is nonetheless applicable. However, as noted by Judge Africk, "no policy provision or legal principle prevents plaintiffs from recovering for

5

previously uncompensated, covered damage, without reference to the amount received under their flood policy, so long as the combined recovery does not exceed the value of their property." *Id.* at *4.

Plaintiff also contends that the collateral source doctrine prevents State Farm from applying an offset for the payments under the flood policy. Judge Africk rejected this contention in *Webster v. State Farm Fire & Casualty Insurance Co.* opining that "[b]ecause insurance contracts are contracts of indemnity and do not allow double recovery, the collateral source rule cannot be used to permit Webster to recover for the same losses under both policies." *Id.* at n. 20. Judge Africk's reasoning is persuasive.

Ms. Voth also opposes State Farm's motion urging that Civil Code article 1978 which provides that a contracting party may stipulate a benefit for a third person precludes the offset requested by the homeowner's insurer. Plaintiff reasons that because the offset would benefit the homeowner's insurer, the flood policy must clearly state an intention to benefit the homeowner's insurer.

> Although the flood policy language does not articulate such an intention [to benefit the homeowner's insurer], disallowing [plaintiff] the opportunity to recover twice, pursuant to two separate insurance policies, for the same damage does not, contrary to [plaintiff's] argument, benefit the homeowner's insurer. Rather, it only enforces the homeowner's insurance contract entered into by the parties.

*Id.* Judge Africk's reasoning is equally applicable here; Civil Code Article 1978 does not preclude the offset State Farm seeks.

Based on the foregoing, the Court grants State Farm's motion to the extent it seeks an order that plaintiff may not recover under her homeowner's policy for any damages for which she has previously been compensated under her flood insurance policy and to the extent that it seeks an order

that plaintiff may not recover an amount under her homeowner's policy which when combined with the prior payments made to her would exceed the total value of her insured property.

New Orleans, Louisiana, this 19th day of February, 2009.

                                            STANWOOD R. DUVAL, JR.
                                      UNITED STATES DISTRICT JUDGE