UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHRYN VOTH | CIVIL ACTION |
| VERSUS | NO. 07-4393 |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | SECTION "K"(2) |

## ORDER AND OPINION

Before the Court is a "Motion for Partial Summary Judgment on Plaintiff's Claims for Damages Under Coverage B and Coverage C" filed on behalf of defendant State Farm Fire and Casualty Company ("State Farm") (Doc. 25). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion in part and denies it in part.

## BACKGROUND

Kathryn Voth owned a home at 7201 Patricia Street in Arabi, Louisiana. The house, which was supported by masonry piers about 3 feet above grade, sustained damage rendering it a total loss as a result of Hurricane Katrina. The house floated off of its pier foundation, traveled across the yard, and stopped when it hit a tree. It is undisputed that flood waters inundated the house as a result of Hurricane Katrina. Following Hurricane Katrina, the house was uninhabitable and has been demolished.

On August 29, 2005, State Farm entities provided both flood insurance and homeowner's insurance on the property. Following the hurricane, Ms. Voth filed claims with State Farm under both policies. Under the flood policy, State Farm paid Ms. Voth the coverage limits, i.e., $40,000.00 for dwelling damages and $27,500.00 for damage to personal property. Under the homeowner's policy, State Farm paid Ms. Voth $12,306.57 for dwelling damages, $500.00 for contents damages, and $1,471.25 for prohibited use. State Farm denied the remainder of Ms.

Voth's claim under the homeowner's policy on the basis that the damages for which recovery was sought resulted from flood, an excluded peril under the homeowner's policy.

Thereafter Ms. Voth filed suit against State Farm seeking to recover the policy limits under her homeowner's policy as well as statutory penalties, interest and attorneys fees pursuant to La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220 for failure to timely initiate adjustment of her claim and for arbitrary and capricious failure to timely pay the amounts due under the homeowner's policy. Plaintiff maintains that "Katrina's wind and rain destroyed her home before flood waters ever affected her structure." Doc. 31 n. 5.

State Farm seeks an order dismissing plaintiff's claim for additional payment under the homeowner's Coverage B (Contents/Personal Property) as well as under Coverage C (Additional Living Expenses).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material

facts. Mere allegations or denials in the non-movant's pleadings are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e)(2). The nonmoving party must come forward with "specific facts showing a genuine issue for trial." *Id.*

Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## COVERAGE B

Coverage B provides coverage for damage to personal property. In *Ferguson v. State Farm Ins. Co.*, 2007 WL 1378507 at *1-2 (E.D. La. May 9, 2007) Judge Berrigan succinctly set forth the burden of proof applicable to Coverage B:

> Coverage B, for the contents or personal property, is a "named peril" policy, providing coverage for "accidental direct physical loss," on a named or specific peril basis. Under a named peril policy, the plaintiffs are required to prove by a preponderance of the evidence that their personal property was lost or damaged due to a specified covered risk named in the policy. Should the plaintiffs meet this threshold requirement, the burden then shifts to the insurer to prove the applicability of any asserted exclusion by a preponderance of the evidence . . ..

(internal citations omitted); *see also Broussard v. State Farm Fire and Casualty Company*, 2007 WL 2264535 at *2 (E.D. La. August 2, 2007)(Vance, J.). The Fifth Circuit recently acknowledged that "[u]nder Louisiana law, the insured must prove that the claim asserted is covered by his policy.

3

Once he has done this, the insurer has the burden of demonstrating that the damage at issue is excluded from coverage." *Dickerson v. Lexington Insurance Company*, ___ F.3d ___, 2009 WL 130207 at *3 (5th Cir. 2009). Thus, plaintiff has the initial burden of proving that her personal property sustained damage due to a covered peril, e.g., wind. If plaintiff satisfies that burden, then State Farm has the burden of demonstrating that the personal property was damaged not by wind, but rather by an excluded peril under Ms. Voth's policy, i.e., flood.

State Farm contends that it is entitled to summary judgment on this claim because plaintiff has not offered any evidence proving that the personal property for which she seeks to recover damages sustained damage due to a covered peril, as opposed to an excluded peril, i.e., flood. Plaintiff opposes the motion asserting, among other arguments, that the issue of causation is inappropriate for summary disposition.

The Court need not address the issue of causation. Even assuming *arguendo* that plaintiff can establish that the personal property for which she seeks damages sustained damage due to a covered peril, State Farm is nonetheless entitled to summary judgment on this claim. Ms. Voth submitted no competent Rule 56 evidence quantifying the damage to her personal property. In support of her memorandum in opposition to State Farm's motion, plaintiff filed a handwritten list of damaged contents; however, it itemizes damages totaling only $25,955.00.[1] Doc. 31-7. Even if the Court were to accept that listing of damaged contents as competent evidence, the amount reflected in that list - $25,955.00 is less than the $28,000.00 plaintiff has previously received for

---

[1] State Farm states that the hand written contents list indicates damages of $26,100.00. That amount is the "total" using the "approx" page totals listed by plaintiff. On two pages, the "approx" page totals listed by plaintiff do not accurately reflect the total amount of the contends listed on the individual page.

damage to her personal property.[2] The Court has previously held that Ms. Voth may not recover twice for the same loss. Doc. 77. Considering that ruling and plaintiff's failure to offer evidence that she sustained damage to personal property for which she has not yet been compensated, State Farm is entitled to summary judgment dismissing plaintiff's claim for damages under Coverage B.

COVERAGE C

Coverage C - "Additional Living Expense" provides that "[w]hen a Loss Insured causes the residence premises to become uninhabitable, [State Farm] will cover the necessary increase in cost you incur to maintain your standard of living for up to 24 months." Doc. 25-5. It is undisputed that wind constitutes a "Loss Insured" and that flood is an excluded peril. It is also undisputed that following Hurricane Katrina, Ms. Voth's home was uninhabitable. The gravamen of the dispute is whether flood damage, wind damage, or a combination of the two perils rendered the house uninhabitable.

As noted herein above, plaintiff has the burden of proving that the claim asserted is covered by her policy. *Dickerson v. Lexington Insurance Company*, 2009 WL 130207 at *3. Once that burden is met, State Farm has the burden of demonstrating that the damage at issue is due to an excluded peril. *Id.*

State Farm asserts that it is entitled to summary judgment on the Coverage C claim because plaintiff has not identified any record material proving that wind would have rendered her home uninhabitable in the absence of the flood water that inundated the house. Plaintiff's expert Dr. Neil Hall has opined that the following repairs to the house are necessary due to damage caused by wind:

---

[2] State Farm, in its capacity as plaintiff's flood insurer, paid plaintiff $27,500.00 for damage to personal property. In its capacity as plaintiff's homeowner's insurer, State Farm paid plaintiff $500.00 for spoilage of refrigerated products.

> 1) Remove and replace all roof shingles to repair damage and ensure a proper match. Remove and replace all exhaust vents. Remove and replace the roll roof membrane at the rear addition and the tongue-and-grove decking which was exposed to wind-driven rain.
>
> 2) Remove and replace all attic insulation. Remove and replace any and all insulation wrap on metal ductwork and all Flexiduct. Remove and replace any an all fiberboard plenums. Clean all remaining metal ducts and air handling systems in accordance with National Air duct Cleaning Association (NADCA) Specifications
>
> 3) Remove and replace all window glazing with new glazed material.
>
> 4) Remove and replace ceiling, wall and floor finishes in the rear addition.
>
> 5) Remove and replace ceilings in all other rooms.
>
> 6) Wind and water penetrating broken windows damaged drywall, floor coverings, cabinetry and building contents. The exact amount of wind-damage is difficult to determine because subsequently water rose from the ground. For estimating purposes, the cost of sealing and repainting all wall is assigned to wind.

Doc. 28-4. Dr. Hall also opined in his report that the building shifted off its foundation due to the combined effect of "hydrostatic load induced by flood and transportation induced by wind." *Id.* Dr. Hall's opinion concerning the damage attributable to wind is sufficient to raise a genuine of material fact as to whether "a Loss Insured cause[d] the residence premises to become uninhabitable." According, State Farm's motion is denied to the extent that it seeks summary judgment on plaintiff's claim for damages under Coverage C.

New Orleans, Louisiana, this 23rd day of February, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE